Chancellor Haupbb.
delivered the opinion oí the court.
The mistake which is supposed to have occurred, with respect to the admission of the fact, of the execution of Thomas B. Culloch’s deed, if it be a mistake, is one which cannot be corrected now. My notss of the evidence were sent with the decree, and are not now in my possession. The notes were before me, however, when the decree was drawn, and I am satisfied, that I must have so taken it down, and so understood it at the time. It is singular that evidence, should have been offered to shew the deed to be fraudulent, before its execution was established.
With respect to the debts of the estate of Hance M'CuIIoch, which are said to remain unpaid, I may remark, in addition to what is said in the decree, that the existence of sueh debts is not alleged by the bill, and consequently, the defendant could not have been prepared to disprove them. If after the expiration of the year, during which he had received no notice of the debts, the administrator had paid over the estate to the distributees, he might plead, that he had fully administered, as against creditors, or an admi, nistrator de bonis non. Creditors might, perhaps, pursue the estate in the hands of the distributees; but an administrator de bo-nis non, would be required to prove, not only that debts existed, but that the administrator had notice of them within the year, before he eould require an account. In this case, that has been done, which, according to the view I have taken, is equivalent to a full administration. If the creditors themselves might pursue the estate in the hands of the defendant, or his wife, yet the administrator de bonis non, even if he has established the existence of the debts, has certainly not shewn that the defendant had notice of them within the year.
I think that Ordinaries, ought in no case, to grant administration unless to the kindred or creditors, or upon the application of the kindred or creditors. The Statutes 31, E. Y. C., 11 and 21, Hy. 8, 65, only provides for the granting of administration to the kindred, &c. according to their propinquity. See Toll. Ex. 82, 83. Administration is also committed to creditors ; but when there are neither kindred nor creditors, the Ordinary is only authorized to grant administration ad colligenda bona — for the sole purpose of collecting and preserving the goods. When kindred applies, the *37 Ordinary must have evidence that-they are-kindred," entitled to the-administration. And when creditors apply, they ought to verify the existence of their demands, not only by the production of their evidence? of debt, but by their pwji oaths. In this case, it is plain the administration was not granted on the application of creditors. It is probable that it was granted on the application of the defend? pnt’s wife. But as to her, as I have said, even if she were other* wise entitled to it, the estate has been fully administered by the decree in her favor.
Hunt, for motion.
Bailey, contra.
Filed 21st March, 1837.
If the decree in favor of the wife, is to have no validity or effect whatever, then it cannot stand in the way of the husband’s marital rights attaching. If it is to have any validity or effect — if it be an authoritative determination of her right to the estate derived from her father, then it is certain that it may be enforced, and carried into execution by a proper proceeding on her part. Directions may be supplied, if they are deficient, and an account had, if an account be needed. But to decree an account and payment pf the estate to the present complainant, would be, in effect, to decree to him that which has already been decreed to her.
With respect to the suggestion in relation to making additional parties, it may be observed, that if the complainant had any rights, to the decision of which, those parties were necessary, such a Course would be proper. But'he has no rights, nor any standing in court, and if such an order were made, it would not be to amend the bill, but to make a new case, to which he would be an improper pnd unnecessary party.
The decree is affirmed,
WILLIAM HARPER,
I concur,
DAVID JOHNSON,
I do not concur.
J. JOHNSTON,